ROSENTHAL, Respondent, vs. ROSENTHAL, imp., Appellant.

*March 14—April 5, 1911.*

*Quieting title: Discharge of mortgage after death of mortgagee: Remedies: Wills.*

Plaintiff's mother had an interest in land under the will of her deceased husband, the remaining interests, if any, being in the husband's heirs.   She conveyed the land to plaintiff in consideration of a bond for her support secured by mortgage of the land; and all the heirs quitclaimed to plaintiff.   In an action to quiet his title after the mother's death, wherein plaintiff asked to have the mortgage satisfied of record, as being a cloud on the title, it is *held:*

(1) Plaintiff's title being complete under the conveyances mentioned, it is immaterial whether the interest which the mother had under the will was a fee or merely a life estate, or whether the proceedings for probate of the will were regular or not.

(2) The relief obtainable in a proceeding to have the mortgage discharged under sec. 2252, Stats. (1898), would be insufficient in such a case because not binding upon the heirs, who could not be made parties thereto; and plaintiff had therefore a good cause of action to quiet his title as against any claims which the heirs might assert under the mortgage.

APPEAL from a judgment of the county court of Fond du Lac county: A. E. RICHTER, Judge.   *Affirmed.*

This is an action to quiet title to about forty acres of land. The complaint alleges that Justine Schmidt, formerly Jus-

tine Rosenthal, the mother of the plaintiff, had an interest in the real estate involved in this action, derived under the will of her former husband, Carl Frederick Rosenthal. It is alleged that on December 19, 1884, she conveyed her right, title, and interest therein to plaintiff by warranty deed in consideration of a bond for her support, and that she took a mortgage from the plaintiff to secure the performance of the conditions of the bond. The instruments were duly recorded and plaintiff entered into possession of the premises. The agreement to support was personal to the grantor, the mother, but she never called upon the plaintiff to perform. Plaintiff alleges that the reason therefor was because the grantor lived with her second husband, August Schmidt, who amply provided for her.

On July 26, 1909, the grantor died intestate, without property, and no administration was therefore had. She left surviving her her husband, some children, and some grandchildren. These with their wives are the parties defendant. Plaintiff prays for an order canceling and satisfying the bond and mortgage on the records.

The defendant *August Rosenthal,* a son of the grantor, answered, admitting the facts alleged in the complaint, and alleging in a second paragraph that the grantor was the widow of Carl Rosenthal; that he died November 2, 1874, leaving a will by the terms of which Justine Rosenthal was given a life estate in all the property of which he died possessed; that no notice of the filing of the petition for the probate of his will was served upon his minor children and that no guardian *ad litem* was appointed to appear in the proceedings for them; that the answering defendant received no notice of the probate proceedings and made no appearance in them; and that he believed that none of the children of the testator had any knowledge of the probate proceedings. A copy of the will of Carl Rosenthal was attached to the answer. None of the other defendants answered.

A motion of the defendant *August Rosenthal* that the action be dismissed as to him for the reason that it did not appear from the complaint that there was a. cause of action against him, and a motion of the plaintiff to strike out the second paragraph of the answer on the ground that it was irrelevant, were heard together. The court denied defendant's motion, but granted the plaintiff the relief demanded by his motion, upon the ground that it appeared that due notice of the hearing of the application for probate, due notice to creditors, and due notice of the application for final settlement had been given; that the defendant was twenty-one years of age and over at the time of the filing of the petition; that he received and receipted for a legacy given to him by the will; that the final judgment assigned all of the estate to Justine Rosenthal, subject to the payment of the legacies mentioned therein; that the legacies were fully paid and the executrix and her bondsmen were released; and that no appeal had been taken from the final judgment. It also appeared that the defendants had conveyed the real estate involved in this action to the plaintiff by quitclaim deeds dated June 1, 1885, and April 4, 1889.

Upon the trial of the action the defendant *August Rosenthal* demurred *ore tenus* on the ground that the complaint did not state facts sufficient to constitute a cause of action against him. The court overruled the demurrer.

In addition to the facts set out above it appeared upon the trial that the plaintiff had paid all of the legacies provided by his father's will, and in addition had paid $1,100 to the other heirs, including this defendant, as part of the consideration for the purchase and conveyance to him of the real estate; that the probate court had construed the will of Carl Rosenthal, which gave his widow a life estate in his property with power to divide and bequeath the estate as she should see fit, as a devise in fee; and that it also appeared that the plaintiff had quitclaim deeds, dated June 1, 1885, and April 4, 1889,

from all the heirs of Carl Rosenthal, among whom was the answering defendant, and that such quitclaim deeds were given to assure to the plaintiff a clear title in fee to the premises, subject to the mortgage in question.

The court denied the defendant's motion to dismiss the action against him, which motion was based on the claim that no grounds for relief as against him had been shown.

The court found plaintiff to be the owner in fee of the premises; that the bond and mortgage constituted a cloud upon plaintiff's title, which should be removed; and that the plaintiff was entitled to costs against the answering defendant, *August Rosenthal.*

This is an appeal from the judgment awarding the relief removing the cloud from the plaintiff's title created by this mortgage, barring the defendants from any claim of right or title to the premises, and awarding costs against the defendant *August Rosenthal.*

The cause was submitted for the appellant on the brief of *E. Blewett,* and for the respondent on that of *Ecke & Hughes.*

Counsel for the respondent cited *Perry v. Baker,* 61 Neb. 841, 86 N. W. 692, and *Fox v. Williams,* 92 Wis. 320, 323, 66 N. W. 357.

SIEBECKER, J. The proofs in this case, as stated above, establish that the plaintiff acquired a title in fee to the premises under the deed from his mother, Justine Schmidt, and the quitclaim deeds from all of the heirs of Carl Rosenthal, the mother's first husband, from whom she and the other defendants, including the defendant *August Rosenthal,* acquired whatever interest they had in the premises. Under these circumstances it is not necessary to determine whether or not Justine Schmidt was given an absolute power of disposition in addition to a life estate under the will of her first husband, Carl Rosenthal, as was determined by the county court in assigning the estate in the probate proceedings.

Plaintiff's record title under the deeds is a sufficient basis to establish title in the plaintiff without reliance on such power of disposition in the mother under the will. It also appears that these conveyances by the plaintiff's mother and his brothers and sisters, including the defendant *August Rosenthal*, were not to satisfy and cancel the mortgage in question, but that this mortgage was to continue in force as a subsisting and binding mortgage up to the time of the mother's death, which occurred July 26, 1909.

The defendant *August Rosenthal* contends that the plaintiff states no cause of action for relief to remove a cloud from his title because he could have obtained the relief of satisfaction of the mortgage under sec. 2252, Stats. (1898), which provides for the discharge of mortgages on *ex parte* application by order of the circuit court upon the requisite showing being made, establishing satisfaction of the mortgage, that the mortgagee is deceased, and that there has been no administration of the decedent's estate under the authority of this state.

The facts in this case show that the mortgagee left surviving her a husband and a number of children who were interested in any claim arising under this mortgage, which stood as a claim against the plaintiff and his land. It is obvious that the plaintiff was entitled to have the alleged rights of Justine Schmidt's heirs under the mortgage ascertained and determined. This could not be accomplished in a proceeding under sec. 2252, Stats. (1898), and hence the claim that this section would afford him all the relief the law could award is not correct. The order of discharge entered by a court under this section would not bind the heirs who could not be made parties thereto. To obtain such relief necessitated the institution of an action whereby plaintiff could compel the defendants to assert such rights as they might claim to have under the mortgage and therein force a determination of any disputed question arising out of the mortgage, which

he alleges clouded the title to the land it covered. An action for the removal of the cloud created by this mortgage on plaintiff's title to these premises is the appropriate remedy for relief against any apprehended injuries which might be occasioned to the plaintiff by any claims the defendants might assert under this mortgage. We consider that the plaintiff's allegations establish such a cause of action. Since the defendant chose to litigate this question he became liable for the costs when judgment went against him on the merits.

In view of the fact that the plaintiff acquired title to the premises in question under the deeds of conveyance from the appellant and the other defendants and his mother, the appellant's alleged defense that the proceedings for the probate of the will were irregular and invalid and hence that the plaintiff acquired no title to the premises is wholly immaterial and no prejudicial error was committed in striking it from the pleadings.

We find no reversible error in the record.

*By the Court.*—Judgment affirmed.